Ruffin, C. J.
 

 Charles Simmons, the plaintiff’s intestate, acquired by his marriage a female slave, named Melinda, and sometime after the marriage he and his wife agreed verbally, that each of them should have and control the property they respectively had before the marriage, as their separate property. In 1837 Mrs. Simmons gave, by parol, the said slave to the defendant’s wife, and delivered her with the knowledge of her husband ; and the defendant has had her in his possession ever since, claiming her as his own, and the intestate knew that the defendant so claimed her and neither assented nor dissented. The intestate died in March, 1851, leaving his wife surviving, and the plaintiff became his administrator and demanded the said slave and her child, born in the defendant’s house, and, upon the refusal of the defendant to deliver them, this action of trover was brought for their conversion. The counsel for the defendant contended, that his posses
 
 *460
 
 sion was adverse to the intestate, and that thereby he had acquired the title to the slaves, but the Court instructed the jury to the contrary and a verdict and judgment were given for the plaintiff, and the defendant appealed.
 

 Since the case of
 
 Palmer
 
 and
 
 Faucett, 2 Dev. 240, it
 
 has been received as settled law, that a donee of a slave by parol is the bailee of the donor, and in such a case it has been held that no length of possession will constitute a title in the bailee, though upon a claim of property by him, unless there has been a demand and refusal, or some act dorie in opposition to the wish of the donor, changing the nature of the possession.
 
 Martin
 
 v.
 
 Harbin, 2
 
 Dev. and Bat. 504,
 
 Green
 
 v.
 
 Harris,
 
 3 Ire. 210. It is thus established,
 
 that
 
 the defendant was the bailee of the intestate’s wife and by consequence the bailee of the intestate, for the alleged agreement between husband and wife was utterly void and did not affect their legal relation or rights. The circumstance, that the wife had not capacity to make the gift and that it was void, can make no difference. Every parol gift of a slave is void in law, yet the donee, by taking it, comes in under the donor as a bailee, and therefore cannot deny the bailor’s title, nor set up an adverse possession in himself.
 

 Pee CtmiAM. Judgment affirmed.